TO BE PUBLISHED

# Supreme Court of Kentucky



2019-SC-000228-KB

DATE 6/25/19 Kim Redman, DC

JOSEPH BARON HAMMONS                                      MOVANT


V.                              IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                               RESPONDENT


## OPINION AND ORDER

Movant, Joseph Baron Hammons, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2010. His Kentucky Bar Association (KBA) number is 94674, and his bar roster address is 100 Westwood Dr., Flat Lick, KY 40935-6170.

Pursuant to SCR 3.480(2), Hammons moves this Court to enter a negotiated sanction imposing a 181-day suspension, with 30 days to serve and the balance probated with conditions, for violations of the Supreme Court Rules (SCR) as charged in KBA Files 23492 and 23807. The KBA has no objection to the negotiated sanction and requests the Court to grant Hammons' motion.

### KBA FILE 23492

Michael Prewitt hired Hammons and paid him $1,300 to represent him in a pending lawsuit Prewitt had filed against his brother. Hammons' fee was to

be $100 per month and $300 per court appearance. Hammons made one court appearance to argue a summary judgment motion on behalf of Prewitt, but the motion was unsuccessful. Summary judgment against Prewitt was entered on December 30, 2014.

Following the adverse judgment, Hammons sent Prewitt a bill reflecting that he had billed him for seventeen months of work covering the period of September 2013 through January 2015; however, other than the one court appearance, that should have carried a $300 fee, no other work was performed. Hammons' cover letter indicated Prewitt's file was enclosed; however, the entire file was not provided.

When asked by the Office of Bar Counsel about what he had sent Prewitt, among other things, Hammons provided a copy of a photo of an envelope addressed to Prewitt that had been postmarked and bar coded. The return address on the envelope was not Hammons', but Hammons said the photo of the envelope was to "show where I mailed him the letter with the bill for services." He said the copy was made at the post office. In fact, the envelope was mailed to Prewitt on November 6, 2014, by attorney Brandon Cartwright, one of the other attorneys who represented him during his lawsuit against his brother. The envelope had originally contained a copy of Cartwright's Motion to Withdraw.

Hammons admits that his conduct as described above violated SCR 3.130(1.5)(a), which prohibits the charging, or collection of, an unreasonable fee; SCR 3.130(1.16)(d), which requires the return of papers and property to

2

which the client is entitled upon termination of the representation; and SCR 3.130(8.1)(a), which provides that an attorney shall not "knowingly make a false statement of material fact" during a disciplinary investigation.

## KBA FILE 23807

Hammons represented Justin Asher in a criminal case in Knox County. An Agreed Order was entered on December 31, 2014, that appeared to be signed by Judge John P. Chappell and Assistant Knox County Attorney Chris Mills. Both denied signing this Order. The Order purported to modify Asher's bond from the terms set on November 23, 2014, at $750 full cash, with three days jail credit, to a $5,000 third-party surety bond. Subsequently, on December 31, 2014, a Bond Assignment was entered assigning Asher's bond to Hammons. As a result, a check was issued to Hammons in the amount of $450.

Hammons states he does not recall signing the names to the order, but he acknowledges that at the time he was suffering heavily from an addiction to prescription medications, which impairs his memory from events occurring during this period. Nevertheless, Hammons acknowledges that he benefitted financially from the order and understands that evidence of his involvement in the forgery, whether he perpetrated it or not, is strong. For that reason, Hammons acknowledges that his conduct violated SCR 3.130(8.4)(c), which provides that it is misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

3

## DISPOSITON AND SANCTION

As noted, Hammons admits he engaged in the above conduct and violated the listed ethical rules. Therefore, we agree with the parties that Hammons's conduct amounted to violations of the charged counts of professional misconduct.

The parties agree the appropriate sanction for these ethical violations is a negotiated sanction imposing a 181-day suspension, with 30 days to serve and the balance probated with conditions. As noted by Bar Counsel, this sanction is supported by the discipline imposed for similar violations in *Brady v. Kentucky Bar Assn.*, 377 S.W.3d 549 (Ky. 2012), and *Kentucky Bar Assn. v. Womack*, 269 S.W.3d 406 (Ky. 2008). In our agreement with this discipline, we further note that Hammons' conduct was associated, in part, with a substance abuse problem, and we credit Bar Counsel's representation that Hammons

> has agreed to a stringent Supervision Agreement, the particulars of which he worked closely with the KYLAP Director to reach. That process has taken a considerable amount of time, as is evident by Movant's signature date on his motion. This agreement had to be part of any consensual resolution and, the KBA submits, adds a greater level of assurance that the public will be protected when and if Movant is able to return to the practice of law. His willingness to enter into this agreement also demonstrates a level of commitment and drive on Movant's part to address his issues and, hopefully, return to practice.

Considering these mitigating factors as well, we are persuaded that the discipline agreed to between the parties in this negotiated sanction agreement is appropriate.

4

# ORDER

Agreeing that the negotiated sanction is appropriate, it is ORDERED that:

1. Joseph Baron Hammons is found guilty of violating SCR 3.130-1.5(a), SCR 3.130(1.16)(d), SCR 3.130(8.1)(a), and SCR 3.130(8.4)(c);

2. Hammons is suspended from the practice of law for 181 days, with 30 days to serve and the balance probated with conditions as further described below;

3. Hammons shall adhere to the provisions of his Supervision Agreement with the Kentucky Lawyer Assistance Program dated March 4, 2019, and, additionally, Hammons shall pay all costs required under his Supervision Agreement;

4. Hammons shall not incur any felony criminal charges during the period of his probation;

5. Hammons shall sign authorizations allowing the Kentucky Bar Association to review his records held by the Kentucky Lawyer Assistance Program, mental health professionals, social workers, and all medical records and mental health records;

6. Hammons shall submit quarterly reports to the Office of Bar Counsel regarding his compliance with the Supervision Agreement. These reports shall state whether and how Hammons is complying with the terms and

conditions imposed herein and any court order resulting from these proceedings;

7. Hammons shall timely pay his Kentucky Bar Association membership dues;

8. If Hammons violates any of the terms of probation as stated herein or his KYLAP Supervision Agreement within two (2) years of the date of this Order or receives a charge of professional misconduct during the two-year probationary period, the KBA may file a motion with this Court requesting the issuance of a show cause order directing Hammons to show cause, if any, why the 181-day suspension should not be imposed;

9. If at the expiration of the probationary period of two years Hammons has fully complied with the above terms, the suspension and all terms of Hammons' probation shall be terminated; and

10. In accordance with SCR 3.450, Hammons is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $126.11 for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 13, 2019

_____
CHIEF JUSTICE

6